T. Connor O'Carroll (SBN 312920)
Email: cocarroll@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543 8700
Facsimile: (415) 391 8269

Amber S. Finch (SBN 222321)
Email: afinch@reedsmith.com
Katherine P. Goetz (SBN 346205)
Email: kgoetz@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 457 8000
Facsimile: (213) 457 8080

*Attorneys for Plaintiff*
Southern California Edison Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**UNITED STATES DISTRICT COURT OF CALIFORNIA**

**CENTRAL DISTRICT OF CALIFORNIA**

SOUTHERN CALIFORNIA EDISON COMPANY,

Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Defendant.

Case No.: 2:26-cv-1155

**PLAINTIFF'S COMPLAINT FOR:**

**(1) DECLARATORY JUDGMENT**

**(2) BREACH OF CONTRACT (DUTY TO DEFEND); AND**

**(3) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**DEMAND FOR JURY TRIAL**


US_ACTIVE-210454711.v2-TCOCARRO-2/4/2026 12:35 PM

## COMPLAINT

Plaintiff Southern California Edison Company ("SCE" or "Plaintiff"), by and through its attorneys, Reed Smith LLP, for its Complaint against Defendant Travelers Property Casualty Company of America ("Travelers" or "Defendant") alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## NATURE OF THIS ACTION

1. Plaintiff SCE brings this action for declaratory judgment, breach of contract, and bad faith against its insurance company, Defendant Travelers, because Travelers has wrongfully and tortiously failed to honor its contractual and legal obligations to defend SCE in the civil action: *Sylvia A. King v. Cathedral Canyon Country Club, et al.*, Riverside County Superior Court Case No. CVPS2507642 (the "Underlying Action").

## THE PARTIES

2. Plaintiff Southern California Edison Company is, and at all times relevant hereto was, a utility provider that provides electrical services to members of the public in California, including those in Los Angeles and San Bernardino County. SCE is a subsidiary wholly owned by Edison International. SCE is a California corporation authorized to do, and doing, business in California, with its headquarters in Rosemead, California.

3. Defendant Travelers Property Casualty Company of America is now, and at all relevant times was, a corporation existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers Property Casualty Company of America is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because complete diversity exists between Plaintiff and Defendant.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### A. APC contracted with SCE to perform certain work for SCE.

6. In 2023, SCE and its contractor, Arizona Pipeline Company ("APC"), entered into a Master Services Agreement ("MSA") whereby APC agreed to perform certain services/work for SCE.

7. The MSA remained a valid and enforceable contract during all relevant time periods.

8. The MSA provides that SCE and APC may enter into certain purchase orders or other contracts that will further define APC's scope of work for SCE under the MSA.

9. Pursuant to the MSA and attendant contracts, between October 3, 2024 through October 24, 2024, APC performed certain underground cable replacement work for SCE at or near 35105 Paseo Malaga, Cathedral City, California.

### B. SCE's MSA required APC to name SCE as an Additional Insured under Defendant's policy.

10. The MSA included an "Insurance" provision that required APC to obtain certain primary and excess general liability insurance policies.

11. For example, the MSA's Insurance provision states, in relevant part:

> 11.1 Required Insurance. [APC] shall, at its own expense, provide and maintain in effect those insurance policies as specified below, with limits of liability that meet or exceed the limits specified below and such additional coverage as may be required by Applicable Law, with insurance companies authorized to do business in the state in which the Services are to be performed, or the Deliverables provided, with an A.M. Best's Insurance Rating of not less than A-.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

* * *

11.1(B) Commercial General Liability Insurance, written on an "occurrence," not claims-made, basis, covering all operations by or on behalf of Contractor [APC] arising out of or connected with the Agreement, including coverage for bodily injury, property damage, personal and advertising injury, products/completed operations, wildfire liability and contractual liability. Such insurance shall bear a per occurrence limit equal to or exceeding $2,000,000 and an annual aggregate limit equal to or exceeding $4,000,000, exclusive of defense costs, for all coverages. Such insurance shall contain standard cross-liability and severability of interest provisions.

12. Importantly, the MSA also required APC to name SCE as an additional insured under such policies for liabilities arising from APC acts or omissions.

13. For example, the MSA at Section 11.2 states:

11.2 The insurance required above [in the MSA] and all insurance that is required to name [SCE], its subsidiaries and affiliates and their respective officers, directors, shareholders, agents and employees as additional insureds, including without limitation primary, excess and umbrella policies, shall apply as primary insurance to, and without a right of contribution from, any other insurance or self-insurance maintained by or afforded to [SCE], its subsidiaries and Affiliates, and their respective officers, directors, shareholders, agents, and employees ("Edison's Insurance"), regardless of any conflicting provision in [APC's] and any Subcontractor's policies to the contrary.

* * *

All Commercial General Liability, Commercial Automobile Liability, Umbrella/Excess Liability and Cyber Insurance that is maintained by or behalf of [APC] shall name [SCE], its subsidiaries and Affiliates, and their

respective officers, directors, shareholders, agents and employees as additional insureds with coverage up to the full limits of liability provided for [APC] for liability directly or indirectly arising out of or in any way involving, in whole or in part, the acts or omissions of [APC], its employees, agents for any Subcontractor or [APC's] products/Services, for both ongoing operations and completed operations.

14. Pursuant to the foregoing MSA provisions, APC procured certain insurance and presented SCE with a "Certificate of Liability Insurance" that listed SCE as an additional insured under its policies, including Defendant's Commercial General Liability Policy No. VTJEXGL4R630669TIL24 (the "Policy").

15. A copy of the Certificate of Liability Insurance is attached hereto as **Exhibit 1** and is incorporated herein by reference.

**C. Defendant's Policy provides coverage to SCE as an Additional Insured for bodily injuries caused, in whole or in part, by APC's acts or omissions.**

16. Pursuant to the MSA's "Insurance" provisions, and as evidenced by the "Certificate of Liability Insurance," SCE is an additional insured under the Policy.

17. Among other things, the Policy provides coverage to APC and additional insureds, like SCE, for all sums the insureds become "legally obligated to pay as damages because of 'bodily injury' or 'property damage.'"

18. The Policy also includes an "Additional Insured" endorsement that extends the foregoing coverages to any "person or organization" that APC "agree[s] in a written contract or agreement to include as an additional insured."

19. Among other things, the Additional Insured Endorsement grants coverage to Additional Insureds, like SCE, for "bodily injury" or "property damage" that is "caused by acts or omission of [APC] or [APC's] subcontractor in the performance of [APC's work] to which the written contract or agreement applies."

20. Importantly, the Policy imposes upon Defendant "the right and duty to defend the insured [and additional insureds like SCE] against any 'suit' seeking

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

[damages because of bodily injury or property damage]" that is potentially caused by APC's "acts or omissions."

21. Notably, Defendant's duty to defend potentially covered claims under the Policy is immediate and is not conditioned upon either APC's or SCE's satisfaction of any self-insured retention.[1]

**D. The Underlying Action alleges injuries that were *potentially* caused, in whole or in part, by APC's acts or omissions while performing work for SCE under the MSA.**

22. On or around October 21, 2024, Sylivia King allegedly sustained bodily injuries when she fell due to broken and uneven asphalt at or near 35105 Paseo Malaga, Cathedral City, California.

23. Due to her alleged injuries, on October 2, 2025, Ms. King initiated the Underlying Action against the SCE and other defendants asserting claims sounding in negligence.

24. The Underlying Action alleges, among other things, that, "on or about October 21, 2024," Ms. King suffered bodily injuries when she "tripped on broken-up and uneven asphalt believed to be due to construction that was ongoing at the time" around "35105 Paseo Malaga" in Cathedral City, California.

25. The Underlying Action further alleges that the uneven asphalt allegedly created an "unsafe and dangerous condition," which was a direct and proximate result of negligence by SCE and other defendants.

26. A copy of the operative complaint from the Underlying Action is attached hereto as **Exhibit 2** and is incorporated herein by reference.

[1] California law is in accord that a primary insurance company's duty to defend under an insurance policy, like Defendant's duty to defend in the Policy at issue here, is independent of whether any self-insured retention has been satisfied unless there is clear policy language providing otherwise. *Legacy Vulcan Corp. v. Superior Court*, 185 Cal. App. 4th 677, 696-97 (2010).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**E. Defendant has wrongfully refused to defend SCE in accordance with Defendant's obligations under the Policy and applicable law.**

27. SCE investigated Ms. King's allegations in the Underlying Action and determined that APC performed work for SCE pursuant to the MSA in and around the area in Cathedral City, California where Ms. King allegedly fell on or around October 21, 2024.

28. SCE further determined that APC's acts or omissions while performing work for SCE under the MSA at or near at or near 35105 Paseo Malaga, Cathedral City, California *potentially* caused Ms. King's alleged injuries, as alleged in the Underlying Action.

29. Accordingly, on November 13, 2025, SCE tendered, among other things, a claim for the Underlying Action to Defendant as an <u>additional insured</u> of APC under the Policy.[2]

30. As its additional insured under the Policy, SCE requested Defendant defend SCE in the Underlying Action.

31. A copy of SCE's additional insured tender to Defendant is attached hereto as **Exhibit 3** and is incorporated herein by reference.

32. Shortly after receiving SCE's tender, Defendant assigned claims-adjuster Kristin Riely to administer SCE's <u>additional insured</u> claim under the Policy for the Underlying Action (AI Claim No. CLQ1576).[3]

33. On November 17, 2025, Defendant requested certain information from SCE regarding the Underlying Action and APC's work for SCE pursuant to the MSA at or near 35105 Paseo Malaga, Cathedral City, California.

34. On November 17, 2025, SCE provided Defendant the requested information.

---

2 SCE also tendered a separate <u>contractual indemnity</u> claim for the Underlying Action to APC directly pursuant to APC's indemnity obligations set forth in the MSA.

3 Defendant assigned a different claims-adjuster, Jahna Lukas, to administer SCE's separate <u>contractual indemnity</u> claim for the Underlying Action to APC directly pursuant to the MSA's indemnity provisions.

35. A copy of SCE's and Defendant's November 17, 2025 communications is attached hereto as **Exhibit 4** and is incorporated herein by reference.

36. On December 16, 2025, Defendant sent SCE its "Additional Insured Coverage Position Letter." Therein, Defendant advised SCE that Defendant had "determined that there are no defense or indemnity obligations to [SCE] as an additional insured" for the Underlying Action.

37. A copy of Defendant's transmission email for its December 16, 2025 letter to SCE is attached hereto as **Exhibit 4**. A copy of Defendant's December 16, 2025 letter attached hereto as **Exhibit 5** and is incorporated herein by reference.

38. Defendant's denial of a defense to SCE as an additional insured under the Policy for the Underlying Action is contrary to the terms of the Policy and a violation of applicable law.

39. In sum, in the face of the indisputable information discussed herein supporting the *potential* for coverage for SCE as an additional insured under the Policy for the Underlying Action, Defendant has wrongfully denied SCE its right to a defense under the Policy for the Underlying Action as an additional insured.

40. As a result of Defendant's wrongful denial of its contractual obligation to defend SCE in the Underlying Action as its additional insured under the Policy, SCE has incurred, and will continue to incur, defense fees and costs defending the Underlying Action.

41. All conditions imposed by the Policy, including the payment of premiums and notice of claims, have been satisfied, waived, or otherwise excused by the behavior of Defendant or by operation of law, including by Defendant breaching its Policy through its refusal to defend SCE in the Underlying Action as its additional insured.

42. Defendant's refusal to honor its obligations to SCE under the Policy and applicable law have caused, and will continue to cause, SCE significant damage.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment)**

43. SCE incorporates by reference the allegations in Paragraphs 1 through 42.

44. Defendant's Policy constitutes a valid and enforceable contract of insurance between SCE and Defendant.

45. SCE has timely satisfied all obligations and complied with all conditions applicable under the Policy, including providing timely notice of its claims.

46. An actual and justiciable controversy presently exists between SCE and Defendant regarding their respective rights and obligations under the Policy and applicable law for the Underlying Action.

47. Given that the parties have an actual and justiciable controversy regarding their respective rights and obligations under the Policy and applicable law for the Underlying Action, a declaratory judgment of the Parties' respective rights and obligations is necessary.

48. SCE therefore seeks, a declaratory judgment in favor of SCE and against Defendant that:

a. Defendant is obligated to defend SCE in the Underlying Action as an additional insured under the Policy;

b. Defendant is obligated to provide SCE with a conflict-free defense in the Underlying Action as its additional insured under the Policy and pursuant to California Civil Code § 2860;

c. Defendant breached the Policy by refusing to defend SCE in the Underlying Action; and

d. SCE is entitled to any other declaratory relief that the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contractual Duty to Defend)**

49. SCE incorporates by reference the allegations in Paragraphs 1 through 48.

50. SCE has performed all obligations under the Policy, and any and all conditions precedent to coverage under the Policy have been satisfied or waived.

51. As set forth above, the Policy contains a duty to defend SCE against lawsuits that are potentially covered—*i.e.,* lawsuits that potentially implicate APC's acts or omissions in allegedly causing injury.

52. The Underlying Action is a covered lawsuit seeking damages for bodily injury potentially caused, in whole or in part, by APC's acts or omissions while APC was performing work for SCE pursuant to the MSA.

53. Nevertheless, Defendant breached the Policy by wrongfully failing and/or refusing to defend SCE in the Underlying Action as its additional insured under the Policy.

54. No exclusions, conditions, or other provisions in the Policy excuse Defendant's non-performance.

55. SCE has not otherwise excused Defendant's non-performance.

56. As a direct and proximate cause of Defendant's breach, SCE has been damaged/denied the benefits of insurance coverage to which it is entitled as an additional insured under the Policy, including the provision of a conflict-free defense and payment of SCE's reasonable fees and costs incurred in defense of the Underlying Action.

57. SCE has suffered and continues to suffer damages as a direct and proximate result of Defendant's breach of its obligations under the Policy in excess of the jurisdictional minimum of this Court, with the exact amount to be proven at trial. SCE reserves the right to conform its claim for damages consistent with proof at trial.

## THIRD CLAIM FOR RELIEF

**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

58. SCE incorporates by reference the allegations in Paragraphs 1 through 57.

59. Defendant's Policy contains an implied covenant of good faith and fair dealing that Defendant will not do anything which will injure the right of an insured,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

including additional insureds like SCE, to receive the benefits of said policy.

60. In its handling of SCE's additional insured claim arising from the Underlying Action, Defendant has breached its duty of good faith and fair dealing owed to SCE under the Policy in the following respects, among others:

a. Failing to properly investigate the facts related to the claims asserted against SCE in the Underlying Action, or to evaluate those facts properly to come to a reasonable and justifiable coverage determination;

b. Deliberately neglecting to inquire fully into possible bases that might support coverage to SCE as an additional insured under the Policy for the Underlying Action;

c. Ignoring relevant evidence available, as well as relevant case law, supporting SCE's request for a defense as an additional insured for the Underlying Action;

d. Maliciously and oppressively seeking to rely on limiting language in the Policy that applies only when Defendant has satisfied its contractual obligations, and not breached its obligations under the Policy with respect to SCE's claims for the Underlying Action;

e. Deceptively or deliberately misrepresenting policy terms or law to avoid obligations to SCE under the Policy or applicable law for the Underlying Action;

f. Asserting grounds to avoid its obligations to SCE that Defendant knows are not supported by, and are contrary to, the terms of the Policy, the law, insurance industry custom and practices, and the facts;

g. Refusing to pay reasonable defense costs or to defend SCE in full in connection with the Underlying Action, for which SCE reasonably expected a defense;

h. Refusing to provide SCE a conflict-free defense in the Underlying Action without proper cause or justification;

i. Engaging in a pattern and practice of misconstruing the policy

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

provisions or California law to diminish its obligations to SCE for Underlying Action or similarly situated insureds; and

j. By giving greater consideration to Defendant's own interests than Defendant gave to SCE's interests.

61. Defendant also breached the implied covenant of good faith and fair dealing by searching for ways to avoid/deny SCE's additional insured claim for the Underlying Action and avoid/deny SCE its rights to independent counsel to defend the Underlying Action pursuant to California Civil Code § 2860.

62. For example, Defendant, acting on behalf of APC, purported to accept SCE's separate contractual indemnity claim for the Underlying Action, which is a direct acknowledgment by Defendant that the Underlying Action is a potentially covered lawsuit under the Policy.

63. Notwithstanding, Defendant wrongfully and tortiously denied SCE's additional insured claim for the Underlying Action under the Policy to, among other things, (1) avoid/deny/delay certain duties/obligations owed to SCE as an additional insured under the Policy and (2) avoid/deny/delay SCE asserting its right to obtain independent counsel to defend the Underlying Action pursuant to California Civil Code § 2860.

64. In other words, Defendant has taken inconsistent positions under the Policy in an effort to deny SCE benefits that SCE is entitled to as an additional insured under the Policy and applicable law.

65. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, SCE has suffered actual and consequential damages and out of pocket expenses in a total amount to be shown by proof at time of trial.

66. In breaching the implied covenant of good faith and fair dealing, Defendant acted in a manner knowingly harmful to and/or in conscious disregard of the rights of SCE reflecting malice and/or oppression as defined in California Civil Code

section 3294, with the intention of benefitting itself financially and with the intention of causing, or recklessly disregarding the probability of causing, injury to SCE.

67. In so acting, Defendant acted with a willful and conscious disregard of SCE's rights and the consequences of those actions on SCE, and with the deliberate intent to vex, injure, and annoy SCE so as to deprive it of its rights under Defendant's Policy and advance its own pecuniary interests. Such conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish Defendant for such conduct.

68. Pursuant to the holding in *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), SCE is entitled to recover any and all attorneys' fees that it reasonably incurs in its efforts to obtain policy benefits that have been wrongfully and in bad faith withheld by Defendant, which are continuing to accrue.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, SCE respectfully requests the entry of a judgment in its favor and against Defendant on all claims in this Complaint, and prays for relief as follows:

1. That the Court enter judgment in favor of SCE on all Claims;

2. On the First Claim for Relief, for a declaration that Defendant is obligated to defend SCE in the Underlying Action as an additional insured under the Policy and applicable law;

3. On the First Claim for Relief, for a declaration that Defendant is obligated to provide SCE a conflict-free defense in the Underlying Action under the Policy and applicable law;

4. On the First Claim for Relief, for a declaration that Defendant breached the Policy by refusing to defend SCE as its additional insured under the Policy in the Underlying Action;

5. On the Second Claim for Relief, for monetary damages for Defendant's breach of contract in an amount to be determined at trial, but exceeding $75,000,

including direct, special, and consequential damages, plus pre-judgment and post-judgment interest and all other fees and costs as permitted by law;

6. On the Third Claim for Relief, extra-contractual damages, including without limitation, compensatory damages flowing from Defendant's bad faith refusal to honor its obligations under the Policy and at law, attorneys' fees incurred by SCE to pursue coverage in light of Defendant's bad faith refusal to honor its obligations under the Policy and at law, pre-judgment interest, punitive damages, and such other relief as the Court deems appropriate;

7. On all Claims, an award of damages in SCE's favor in an amount to be determined at trial;

8. On all Claims, an award of SCE's reasonable attorneys' fees, pre-judgment and post-judgment interests, costs, and the expense of this action, as permitted by law; and

9. On all Claims, for all such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

SCE hereby demands a trial by jury as to all issues so triable.

DATED: February 4, 2026

REED SMITH LLP

By: */s/ T. Connor O'Carroll*
T. Connor O'Carroll
*Attorneys for Plaintiff*
Southern California Edison Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware